INTERNATIONAL TRUST CO. *v.* CARTERSVILLE IMPROVEMENT, GAS & WATER CO.

(Circuit Court, N. D. Georgia.   May 25, 1894.)

No. 534.

1. EQUITY—JURISDICTION—ADEQUATE REMEDY AT LAW.
   The trustee under a mortgage on the property of a gas company has no right of action in equity against a city to recover money which the city agreed to pay the company for gas used in lighting the city, and which the company pledged directly to the trustee for the sole purpose of paying interest on the mortgage bonds and the creation of a sinking fund, there being a complete remedy at law for the breach of a contract to pay money.

2. MORTGAGE BY GAS COMPANY—FORECLOSURE—PARTIES.

A city cannot be joined as a defendant in a foreclosure suit by the trustee under a mortgage given by a gas company, on the ground that it owes the company money for city lighting, and that any money so to become due was pledged by the mortgage directly to the trustee for the sole purpose of paying interest and forming a sinking fund.

This was a suit in equity by the International Trust Company against the Cartersville Improvement, Gas & Water Company, to foreclose a mortgage. The city of Cartersville was afterwards made a party, by amendments, and it demurred to the amended or supplemental bill. Demurrer sustained.

Neal & Swain, for complainants.

Glenn & Maddox and J. W. Harris, Jr., for defendants.

NEWMAN, District Judge. The original bill filed in this case was by the complainant, as trustee, to foreclose a mortgage made to it, as such, for the bondholders of certain bonds issued by the Cartersville Improvement, Gas & Water Company. Subsequently, an amendment was filed to the bill, in which the city of Cartersville was made a party. The allegations in the amended bill are substantially as follows: That on August 8, 1888, the mayor and aldermen of the city of Cartersville made and executed a certain contract with the Orient Illuminating Company, a Maine corporation, in which there was a provision for the organization of a corporation to be known as the Cartersville Improvement, Gas & Water Company, and further providing that upon the organization of the last-named company the Orient Company should transfer and assign to it the said contract and franchises therein provided for, and that the said improvement company should thereupon assume the rights, privileges, powers, and duties and obligations incumbent upon said Orient Company, who should thereupon be released therefrom, and that the obligations and liabilities incident thereto should immediately vest in said improvement company. It is further provided that thereupon the obligations of the city of Cartersville to the Orient Company should at once vest in the improvement company, as fully and completely as if said contract had originally been made with said improvement company. It is further alleged that the Cartersville Improvement, Gas & Water Company was afterwards organized and came into existence, and that the Orient Company assigned to it all its rights, etc., as provided in the contract, and that the city of Cartersville recognized the same. Further, on the 1st day of May, 1889, the improvement company commenced lighting the streets of the city of Cartersville, as provided for in the contract, by furnishing 75 lamp-posts in the streets of said city, in accordance with the provisions of the contract with the Orient Company. (An amendment to the contract had provided for 75 lamps, instead of 50, as in the original contract.) Further, that on May 6, 1889, the city of Cartersville accepted said gas plant and said gas as a compliance by the improvement company and the Orient Company with their contract. It is further alleged that the improvement company assigned and

transferred to complainant the contract of the city of Cartersville, so far as concerned the right to collect and receive any sum which might at any time come due from the city of Cartersville on account of lights supplied from gas posts on the streets of the city, of which assignment the said city had notice before any payment became due. On November 9, 1888, the improvement company executed and delivered to complainant its mortgage, which is being foreclosed in the original bill. By the terms of said mortgage, it is provided that all sums of money promised and thereafter paid by the city of Cartersville under the contract for the use and maintenance of the gas plant should be and were directly pledged to complainant for the sole purpose of paying interest upon the bonds as the same might from time to time mature, and that any surplus after the payment of interest then due should be placed to the credit of a sinking fund for the extinguishment of said bonds, and that no part of the income of the improvement company, paid by the city of Cartersville for the lighting of its streets by gas, should be used for any other purpose than the payment of the principal and interest of the bonds so secured, and that the said city had ample notice before the maturing of any of its obligations for the lighting of its streets. On May 10, 1889, a supplemental mortgage was executed, which, so far as material here, contained the same provisions as the original mortgage. It is further alleged that since the 1st of May, 1889, the improvement company did, until the 25th day of August, 1892, continue to supply gas, according to its said contract, from 75 posts, at the rate of $1,875 per annum, or $468.75 per quarter, and it is claimed that these sums became due to complainant. On the 7th day of September, 1889, at a meeting of the mayor and aldermen of the city of Cartersville, a resolution was passed in which it was conceded that the improvement company had complied with its contract, and that the city had become indebted to it in the sum of $625 from the 1st of May to the 1st of September, and directed the payment of the same to the International Trust Company. It is then alleged that the mayor and aldermen of Cartersville have failed to pay to the International Trust Company, as they should have done, on April 21, 1890, $334.80; June 27, 1890. $312.50; May 29, 1891, $482.10; and June 22, 1891, $673.95,—and that the balance of said sums, with 7 per cent. interest from the time of their respective maturities, is due by the city of Cartersville to complainant, which amount the said city failed to pay, after being often requested to do so. It is further alleged that in October, 1889, certain citizens of Cartersville filed suit against the city to enjoin it from paying to the improvement company anything for street lighting, and to declare the contract null and void, and to cancel it. This suit was tried in the superior court of Bartow county, and afterwards taken to the supreme court of the state, resulting in a judgment for the defendant. One of the provisions of the contract of August, 1888, was that should the city of Cartersville, at any time during a period of five years from March, 1889, find itself obliged, by legal

judgment or operation of law, to assess and collect a tax against any of the property of the said improvement company, then said city of Cartersville, in consideration of the reduced price at which gas was furnished, and the circumstances thereof, shall pay, or cause to be paid, a sum of money equivalent to the amount of taxes so collected. This referred to the city taxes, and not state and county taxes. The bill alleges that this provision was intended to secure remuneration for services rendered in furnishing gaslight to the city, and part of the compensation which was to be paid by the city for lights, and was not intended to evade the payment of taxes, and, had it not been for this clause of the contract, the price charged would have been more than $25 per post for the 75 posts. Yet, notwithstanding this provision of the contract, the city of Cartersville has collected from the improvement company certain sums of money named in the bill, and the city has also assessed the improvement company for the year 1893. The bill claims that inasmuch as the city will owe for street lighting, according to the terms of the contract, as much as the amount of the taxes so collected, in addition to the rate per post which it agreed to pay, and inasmuch as it is solely for the purpose described in the assignment in the trust deed or mortgage, as including and covering that portion of the income of the improvement company which was assigned, transferred, and mortgaged to complainant for the purpose of securing and paying said bonds, therefore the right to collect the said sums vested in complainant, and it has the right to collect the same, and that the city has refused to pay the same, although requested. It is also alleged that in the year 1892 the mayor and aldermen of the city of Cartersville passed a resolution repudiating the contract between the city and the Orient Company and the Cartersville Improvement, etc., Company, declaring the said contract not binding, and wholly refusing to be bound thereby, and putting the improvement company, complainant, and the public generally on notice that said municipal corporation would not be bound by said contract, and would not be bound by the terms thereof. This is claimed to be a breach of the contract, and gives the complainant the right to sue and recover damages for the same. Notwithstanding the action of the mayor and aldermen of the city of Cartersville, yet, hoping they would reconsider the same, it is alleged that complainant, in accordance with the terms of the contract, continued to supply lights from 75 lamp-posts until the 25th of August, 1892, at which time, finding that the said mayor and aldermen persisted in their repudiation of the contract, and in their refusal to be bound by its terms, it ceased furnishing lights, although it is now willing to resume the furnishing of said lights whenever the city is willing to resume payment, and to be bound by contract. Complainant claims pay, not only for the lights so furnished, but for lights which would have been furnished during the balance of said contract but for the repudiation of the same by said city. It is alleged that the Cartersville Improvement, etc., Company is insolvent. It is further alleged that if the city had continued

to pay for street lights the same would have inured to complainant for the purpose of paying interest on bonds, as the company would have been otherwise able to keep up its plant, and consequently the entire damage resulting from the failure of said city to keep up its contract is sustained by complainant; and complainant alleges that it is injured and damaged in the sum of $32,500, the amount which it should have received from the city, with legal interest on the amounts respectively matured. It is further alleged that the Cartersville Improvement, etc., Company's entire property consists in its gas plant and its appurtenances, which are worth not exceeding the sum of $20,000, and that said plant would have been worth considerably more, but for the repudiation by said city of its contract, and which destroyed one of the principal uses of the plant. Complainant says that the insolvency of the company was caused by the action of the city in repudiating its contract. It alleges that the relief prayed for and against the city is incidental to the relief prayed for against the improvement company, and that the bill is filed for the purpose of securing complete relief in the premises. The further allegations of the bill are such as show the necessity of a receiver for the property of the Cartersville Improvement, etc., Company, and the prayer is for the subpoena, injunction, receiver, and for decree against the mayor and aldermen of the city of Cartersville for the amount of its indebtedness to complainant, as set forth in the bill, and the amount of damages sustained by complainant on account of the breach of the contract on the part of the said mayor and aldermen as aforesaid.

To this amended or supplemental bill a demurrer was filed by the city of Cartersville. Argument has been heard on the demurrer, and the same submitted. The demurrer is as follows:

(1) "That as to this defendant the original bill and proposed amendment constitute no cause of action cognizant in a court of equity, and, as to this defendant, is without equity." (2) "This defendant further says that, if there be any cause of action existing in the original bill of complaint and proposed amendment, as against this defendant, the same exists at law; that the plaintiff has a full, complete, ample, and adequate remedy at law for any and all of the causes of action, if such exist, set out in the said bill and amendment." (3) "Because no legal cause of action can be maintained against the mayor and alderman of the city of Cartersville for recovering municipal taxes paid by the Cartersville Improvement, Gas & Water Company to the mayor and aldermen of said city." (4) "Because the mayor and aldermen of the city of Cartersville for the year 1888 had no legal power of authority to enter into the pretended contract of August 6, 1888, whereby the property of the Cartersville Improvement, Gas & Water Company could be exempted from municipal taxation, and whereby said company was to be indemnified by the mayor and aldermen for municipal taxation for five years, which said company might be required to pay under the constitution and laws of Georgia." (5) "Because the pretended contract of August 6, 1888, is not a legal, valid, and binding contract, under the constitution and laws of Georgia, it not appearing that the mayor and aldermen of the city of Cartersville, for the year 1888, were authorized to make the contract creating said debt without first submitting the question as to whether or not the debt should be created to the legally-qualified voters of said city, and therefore no legal cause of action can be maintained under the pretended contract." (6) "That there is a misjoinder of parties in said bill and its amendment." (7) "That there is a misjoinder of causes of action in said bill and the amendment thereto."

The provision of the mortgage executed by the Cartersville Improvement, Gas & Water Company to the International Trust Company is in these words:

"It is further provided that all sums of money promised and hereafter paid by the said city of Cartersville upon its contract with said first party for the use and maintenance of a gas and electric light plant (less the actual cost of operating and maintaining said electric light as paid by said city), shall be and are hereby pledged directly to the said trustee for the purpose of paying the interest upon said bonds as the same may from time to time mature."

It is upon this clause of the mortgage or trust deed, and upon the fact of the recognition by the city of Cartersville of the trust company as the proper person to whom to make payment, and the further fact that they did make such payment, that complainant mainly rests its case for relief, as against the city. The two grounds which have been argued on the hearing of the foregoing demurrer are—First, that the complainant has a plain and adequate remedy at common law; and, secondly, that the city is improperly joined with the original defendant under the facts set forth.

On the first question, it is apparent that, if complainant has any rights at present against the city of Cartersville, it has a complete remedy at law. An action for damages for the breach of a contract, and the recovery of rents already accrued, embracing taxes already paid (if the tax paid has become legally and properly a part of or an addition to the amount due by the city for gas), are essentially matters for a common-law suit. There is nothing whatever in the matter, as thus presented, which makes it properly the subject of equity jurisdiction.

As to the second question, it is sufficient to say that, if complainant has the right now to proceed against the city, it has, as just stated, its clear remedy at law, and, if it has not a present right of action, any aid which the court can give it in perfecting its right to proceed against the city of Cartersville can be fully obtained without the presence of the city as a party. If complainant can properly invoke the action of the court at all in this case, it is for a decree assigning or transferring to it any indebtedness which may exist on the part of the city of Cartersville to the improvement company. To obtain that the city is not a necessary party. It seems clear, therefore, that the city of Cartersville is improperly made a party, under the facts shown by the pleadings. In the view that is taken of the case, it is unnecessary to consider the validity of the contract between the city of Cartersville and the improvement company, or the effect or extent of the decision of the supreme court of Georgia in the case of Cartersville Improvement, Gas & Water Co. v. City of Cartersville, 89 Ga. 683, 16 S. E. 25. The demurrer to the amendment, so far as it makes the city of Cartersville a party, must be sustained.