### CARTERSVILLE LIGHT & POWER CO. v. MAYOR, ETC., OF CITY OF CARTERSVILLE, GA., et al.

(Circuit Court, N. D. Georgia, N. W. D.   March 13, 1902.)

#### No. 3.

PRELIMINARY INJUNCTION—GROUNDS—QUESTIONS CONSIDERED ON APPLICATION FOR.

Where it appears on an application for a preliminary injunction that doubtful questions, both of fact and law, are involved in the case, the court will not enter upon the merits, but will grant the injunction, if necessary to preserve the status of the parties until the final hearing.

In Equity.   On motion for preliminary injunction.

Gray, Brown & Randolph, for complainant.

John H. Wilkie and J. M. Neel, for defendants.

NEWMAN, District Judge. A brief statement of the facts in this case will be sufficient for the purposes of the decision now made. On August 6, 1888, the city of Cartersville, Ga., entered into a contract with the Orient Illuminating Company by which the city granted to the illuminating company the exclusive privilege of furnishing gas and lighting the city at a fixed price for the period of 20 years. The contract also provided that upon the request of the city, and under certain circumstances, and upon certain conditions, the Orient Illuminating Company should erect and operate an electric lighting plant in the city of Cartersville, in which case the exclusive privilege of lighting the city should be extended for 20 years from the date of such request. . Subsequently the rights and privileges of the Orient Illuminating Company were, with the consent of the city, transferred and assigned to the Cartersville Improvement, Gas & Water Company, which latter company erected and put in operation a gas plant in the city of Cartersville, and the same was accepted by the city. In October, 1888, the gas and water company executed a mortgage upon all of its property, rights, easements, and franchises to the International Trust Company of Boston, Mass., to secure an issue of $100,000 of bonds. This mortgage was afterwards foreclosed in this court, and all of the property mentioned therein was sold under order of the court, and bought by John W. Akin and assigns, on January 5, 1895, and afterwards transferred by said Akin and assigns to the Cartersville Light & Power Company, the complainant in this case. In 1894 the International Trust Company of Boston sought to amend its original bill for foreclosure of the mortgage by making the city of Cartersville a party defendant thereto, and asking for damages against the city for the breach of the contract of August 6, 1888, on account of the city's repudiation of the contract and refusal to comply with its provisions, which amendment was stricken on demurrer. 63 Fed. 341. In 1898 Norbert Becker, the president of the complainant company, purchased all of its capital stock, since which time the company has continued to furnish gas and to light the town of Cartersville. On May 15, 1901, the mayor and aldermen of the city of Cartersville passed a resolution providing that an election be held in the city of Cartersville to pass upon the question of issuing bonds for the purpose of erecting an electric lighting plant to furnish light for the city. The election was duly held on June 22, 1901, and the result declared to be in favor of issuing bonds and erecting an electric lighting plant to provide light for the city of Cartersville; whereupon the complainant filed its bill to enjoin such action by the city, and to require it to specifically perform its original contract of August 6, 1888. This case has now been heard on the bill, answer, certain records and documents, and ex parte affidavits, on an application for injunction pendente lite. .

If it was clear that the plaintiff would not, on the final hearing, be entitled to an injunction, it would be proper to determine this controversy now on its merits; but such is not the case. There are very interesting and doubtful questions of law involved, and sharp conflict in the evidence as to some very material facts.

Since the oral argument of the case counsel on both sides have furnished me with full and elaborate briefs. With the benefit of these

I have, as soon as opportunity offered, gone over this entire record, and my judgment is that it is a case which should not be disposed of on this application for preliminary injunction. It should not be determined on its merits until the evidence can be taken by depositions on examination and cross-examination of witnesses. The proper course for the court in a case like this is to preserve the status until a final hearing can be had. The rule is stated in 10 Enc. Pl. & Prac. p. 1010, in this way:

"It is not proper, on an application for a preliminary injunction, to decide, or to consider with a view to a final decision, the merits of the controversy, especially where grave questions of law are involved; and the court should do no more than determine that the bill, assuming its allegations to be true, sets forth facts sufficient to warrant the issuance of an injunction."

To the same effect is the case of New Memphis Gas & Light Co. v. City of Memphis (C. C.) 72 Fed. 952; and it is also very strongly stated by the circuit court of appeals for the Eighth circuit in City of Newton v. Levis, 25 C. C. A. 161, 79 Fed. 715.

An injunction may be issued to remain of force pending the litigation, unless counsel can continue the agreement which has heretofore existed between them to the effect that the city of Cartersville will take no further steps towards issuing bonds or erecting its own electric light plant until this case is determined.